IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CIPLA LIMITED and CIPLA USA, INC.,<br><br>Defendants. | ) | C.A. No. _________________ |

## COMPLAINT

Plaintiffs, Boehringer Ingelheim Pharmaceuticals Inc.; Boehringer Ingelheim International GmbH; and Boehringer Ingelheim Corporation, by their undersigned attorneys, for their Complaint against Defendants, Cipla Limited and Cipla USA, Inc., hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendants' submissions of an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Plaintiffs' SYNJARDY® XR (empagliflozin/metformin extended release) tablets prior to the expiration of United States Patent No. 10,258,637.

## THE PARTIES

2. Plaintiff Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Rd., Ridgefield, CT 06877.

3. Plaintiff Boehringer Ingelheim International GmbH ("BII") is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

4. Plaintiff Boehringer Ingelheim Corporation ("BIC") is a corporation organized and existing under the laws of Nevada, having a principal place of business at 900 Ridgebury Road, Ridgefield, CT, 06877.

5. BIPI, BII, and BIC are collectively referred to hereinafter as "Boehringer" or "Plaintiffs."

6. On information and belief, Defendant Cipla Limited ("Cipla Ltd.") is a corporation organized and existing under the laws of India, having a principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai, India 400013.

7. On information and belief, Cipla Ltd. controls and directs a wholly owned subsidiary in the United States named Cipla USA, Inc. ("Cipla USA"). Cipla USA is a Delaware corporation having a principal place of business at 9100 S Dadeland Blvd. Suite 1500, Miami, Florida 33156.

8. Cipla Ltd. and Cipla USA are collectively referred to hereinafter as "Cipla."

9. On information and belief, Cipla Ltd. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of Delaware, through its own actions and through the actions of its agents and subsidiaries, including Cipla USA, from which Cipla Ltd. derives a substantial portion of its revenue.

10. On information and belief, Cipla USA acted in concert with Cipla Ltd. to prepare and submit ANDA No. 212243 (the "Cipla ANDA") for Cipla's 5 mg/1 g, 10 mg/1 g, 12.5 mg/1 g, and 25 mg/1 g empagliflozin and metformin hydrochloride extended release tablets (the "Cipla ANDA Products").

11. On information and belief, Cipla USA acted in concert with Cipla Ltd. to prepare and submit the Cipla ANDA for the Cipla ANDA Products, which was done at the direction of, under the control of, and for the direct benefit of Cipla Ltd. Following FDA approval of the Cipla ANDA, Cipla Ltd. will manufacture and supply the approved generic products to Cipla USA, which will then market and sell the product throughout the United States at the direction, under the control, and for the direct benefit of Cipla Ltd.

## **JURISDICTION AND VENUE**

12. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*., generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

13. Venue is proper in this Court because, among other things, Cipla USA is incorporated in the State of Delaware and therefore "resides" in this judicial district and/or has

committed acts of infringement in this district and has a regular and established place of business in this district. 28 U.S.C. § 1400(b). Cipla Ltd. is a foreign corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c). Moreover, Cipla has litigated previous Hatch-Waxman patent infringement disputes in the District of Delaware. *See, e.g.*, *Boehringer Ingelheim Pharm. Inc. v. CIPLA Ltd.*, C.A. No. 18-1789-CFC (D. Del.); *H. Lundbeck A/S v. Cipla Ltd.*, C.A. No. 18-753-LPS (D. Del.).

## **PERSONAL JURISDICTION OVER CIPLA LTD.**

14. Plaintiffs reallege paragraphs 1-13 as if fully set forth herein.

15. On information and belief, Cipla Ltd. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

16. This Court has personal jurisdiction over Cipla Ltd. because, *inter alia*, Cipla Ltd., on information and belief: (1) has substantial, continuous, and systematic contacts with this State, either directly or through at least one of its wholly-owned subsidiaries or agents; (2) intends to market, sell, and/or distribute Cipla Ltd. infringing ANDA Products to residents of this State upon approval of ANDA No. 212243, either directly or through at least one of its wholly-owned subsidiaries or agents; (3) enjoys substantial income from sales of its generic pharmaceutical products in this State on its own and through Cipla USA, which is a Delaware corporation; and (4) wholly owns Cipla USA, which is a Delaware corporation.

17. On information and belief, Cipla Ltd. has not contested jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs, and it has filed counterclaims in such cases. *See, e.g.*, *Boehringer Ingelheim Pharm. Inc. v. CIPLA Ltd.*, C.A. No. 18-1789-CFC (D. Del.); *H. Lundbeck A/S v. Cipla Ltd.*, C.A. No. 18-753-LPS (D. Del.).

18. Alternatively, to the extent the above facts do not establish personal jurisdiction over Cipla Ltd., this Court may exercise jurisdiction over Cipla Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Cipla Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Cipla Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, filing ANDAs with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Cipla Ltd. satisfies due process.

**PERSONAL JURISDICTION OVER CIPLA USA**

19. Plaintiffs reallege paragraphs 1-18 as if fully set forth herein.

20. On information and belief, Cipla USA develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

21. This Court has personal jurisdiction over Cipla USA because, *inter alia*, Cipla USA, on information and belief: (1) is incorporated under the laws of the State of Delaware; (2) intends to market, sell, or distribute the Cipla ANDA Products to residents of this State; (3) makes its generic drug products available in this State; and (4) enjoys substantial income from sales of its generic pharmaceutical products in this State.

22. On information and belief, Cipla USA has not contested jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs, and it has filed counterclaims in such cases. *See, e.g.*, *Boehringer Ingelheim Pharm. Inc. v. CIPLA Ltd.*, C.A. No. 18-1789-CFC (D. Del.); *H. Lundbeck A/S v. Cipla Ltd.*, C.A. No. 18-753-LPS (D. Del.).

## BACKGROUND

### U.S. PATENT NO. 10,258,637

23. On April 16, 2019, the USPTO duly and legally issued United States Patent No. 10,258,637 ("the '637 patent") entitled "Pharmaceutical Composition, Method for Treating and Uses Thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '637 patent is attached as Exhibit 1. The '637 patent is assigned to BII. BIC and BIPI are licensees of the '637 patent

## SYNJARDY® XR

24. BIPI is the holder of New Drug Application ("NDA") No. 208658 for empagliflozin and metformin hydrochloride, extended release tablets, for oral use, in 5 mg/1 g, 10 mg/1 g, 12.5 mg/1 g, and 25 mg/1 g dosages, which are sold under the trade name SYNJARDY® XR.

25. SYNJARDY® XR is listed in Orange Book as having New Chemical Exclusivity until August 1, 2019.

26. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '637 patent is among the patents listed in the Orange Book with respect to SYNJARDY® XR.

27. The '637 patent covers the use of SYNJARDY® XR.

## ACTS GIVING RISE TO THIS ACTION

### CLAIM FOR RELIEF — INFRINGEMENT OF THE '637 PATENT

28. Plaintiffs reallege paragraphs 1-27 as if fully set forth herein.

29. On information and belief, Cipla submitted the Cipla ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Cipla ANDA Products.

30. Cipla has represented that the Cipla ANDA refers to and relies upon the SYNJARDY® XR NDA, and contains data that, according to Cipla, demonstrate the bioavailability or bioequivalence of the Cipla ANDA Products to SYNJARDY® XR.

31. Plaintiffs received a letter from Cipla on or about May 10, 2019 stating that Cipla had included a certification in the Cipla ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '637 patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Cipla ANDA Products (the "Cipla Paragraph IV Certification"). Cipla intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Cipla ANDA Products prior to the expiration of the '637 patent.

32. Cipla has infringed at least one claim of the '637 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Cipla ANDA, by which Cipla seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Cipla ANDA Products prior to the expiration of the '637 patent.

33. Cipla has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Cipla ANDA Products in the event that the FDA approves the Cipla ANDA. Accordingly, an actual and immediate controversy exists regarding Cipla's infringement of the '637 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

34. Cipla's use, offer to sell, or sale of the Cipla ANDA Products in the United States during the term of the '637 patent would further infringe at least one claim of the '637 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

35. On information and belief, the Cipla ANDA Products, when offered for sale, sold, and/or and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '637 patent either literally or under the doctrine of equivalents.

36. On information and belief, the use of the Cipla ANDA Products constitutes a material part of at least one of the claims of the '637 patent; Cipla knows that its ANDA Products are especially made or adapted for use in infringing at least one of the claims of the '637 patent, either literally or under the doctrine of equivalents; and its ANDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

37. On information and belief, the offering to sell or sale of the Cipla ANDA Products would contributorily infringe at least one of the claims of the '637 patent, either literally or under the doctrine of equivalents.

38. On information and belief, Cipla had knowledge of the '637 patent and, by its promotional activities and package inserts for its ANDA Products, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '637 patent, either literally or under the doctrine of equivalents.

39. On information and belief, the offering to sell or sale of the Cipla ANDA Products by Cipla would actively induce infringement of at least one of the claims of the ’637 patent, either literally or under the doctrine of equivalents.

40. On information and belief, Cipla does not deny that the Cipla ANDA Products subject to ANDA No. 212243 will infringe the claims of the ’637 patent and in the Cipla Paragraph IV Certification, Cipla did not deny that the Cipla ANDA Products subject to ANDA No. 212243 will infringe the claims of the ’637 patent.

41. Plaintiffs will be substantially and irreparably harmed if Cipla is not enjoined from infringing the ’637 patent.

42. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer’s reasonable attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Cipla and for the following relief:

a. A Judgment be entered that Cipla has infringed at least one claim of the ’637 patent by submitting the Cipla ANDA;

b. A Judgment be entered that this case is exceptional, and that Plaintiffs are entitled to their reasonable attorneys’ fees pursuant to 35 U.S.C. § 285;

c. That Cipla, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial, use, offer to sell, or sale within the United States of

drugs or methods of administering drugs claimed in the ’637 patent, and (ii) seeking, obtaining or maintaining approval of ANDAs until the expiration of the ’637 patent or such other later time as the Court may determine;

d. A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Cipla’s ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the expiration date of the ’637 patent, including any extensions;

e. That Boehringer be awarded monetary relief if Cipla commercially uses, offers to sell, or sells its respective proposed generic versions of SYNJARDY® XR, or any other product that infringes or induces or contributes to the infringement of the ’637 patent, within the United States, prior to the expiration of this patent, including any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

f. Costs and expenses in this action; and

g. Such other and further relief as the Court deems just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com
mdellinger@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Leora Ben-Ami
Jeanna M. Wacker
Christopher T. Jagoe
Mira A. Mulvaney
Sam Kwon
Ashley Ross
Justin Bova
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4679

August 9, 2019